**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Daphne Culton and Camari Williams, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TGI Fridays, Inc., a foreign corporation; et al.<br><br>Defendants. | Case No. 2:24-cv-00989-DJA<br><br>**Order** |

Before the Court is the parties' disputed discovery plan. (ECF No. 24). The parties dispute certain provisions. The Court thus resolves the disputed provisions as outlined below and grants the parties' proposals where they do agree.

**I.   Electronically stored information.**

The parties agree on preserving and disclosing electronically stored information ("ESI") but disagree regarding when they should produce native formats of discovery. Defendant proposes the following:

> In the event ESI is to be produced, ESI less than 250 pages can be produced in paper format or as an image (e.g., .pdf or .tif), or otherwise will be produced as an image (e.g., .pdf or .tif) and where available in a password protected Excel file.

(ECF No. 24 at 3).

Plaintiffs proposes the following:

> [A]ll electronically stored information must be produced in its native format inclusive of metadata (if the metadata exists) regardless [of] whether such ESI is less than 250 pages and regardless of whether it is capable of being produced in paper format or as an image or in an Excel file.

(*Id.*).

The Court does not find it necessary to treat ESI less than 250 pages differently than ESI greater than that, especially without Defendant providing any reason to do so. The Court grants Plaintiff's proposal on this matter.

**II.     Bifurcating discovery.**

Regarding the parties' dispute over scheduling, the Court grants Plaintiffs' proposal with certain modifications, outlined below. The Court declines to bifurcate discovery into class and merits discovery as Defendant requests. "The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court." *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (citation omitted). In exercising this discretion, courts consider: "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *Id.* (citation omitted).

The Supreme Court's landmark decision in *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), requires a trial court to engage in a "rigorous analysis[ ] that the prerequisites of Rule 23(a) have been satisfied" when deciding the issue of class certification. *Id.* at 351-52. This analysis frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. ED CV 15-2057-FMO-SPX, 2018 WL 501413, at *2 (C.D. Cal. Jan. 5, 2018) (quoting *Dukes*, 564 U.S. at 3519) (citing, *inter alia, Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014)) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."). Accordingly, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits." *Id.* (quoting *Chen–Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299–300 (S.D.N.Y. 2012) (collecting cases)); *see also Munoz v. PHH Corp.*, No. 1:08–cv–0759–DAD–BAM, 2016 WL 10077139, *4 (E.D. Cal. 2016)

("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."). As one sister court has pointed out, "[s]eparating merits and class discovery raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two," and can sometimes "thwart[ ] the informed judicial assessment that current class certification practice emphasizes." *Ahmed*, 2018 WL 501413 at *3 (citations omitted); *Obertman v. Electrolux Home Care Prod., Inc.*, No. 2:19-CV-02487-KJM-AC, 2020 WL 8834885, at *2 (E.D. Cal. June 18, 2020).

Here, the Court is reluctant to bifurcate discovery given the potential overlap between class and merits discovery. This is particularly true because Defendant has not provided reasons why bifurcation is necessary in this case or why not bifurcating discovery would be problematic. Additionally, bifurcating discovery risks prejudicing plaintiff, who must meet a high burden to show certification of the class is proper. The Court thus denies Defendant's proposed discovery bifurcation and grants Plaintiff's proposed schedule in part.

### III.   Briefing schedules and interim status report deadline.

The Court declines to grant Plaintiffs' request for extended briefing schedules. Parties seeking to extend deadlines for responding to motions must show good cause to extend those deadlines and explain the reasons for the extension requested. *See* Fed. R. Civ. P. 6(b); *see* LR IA 6-1(a). But Plaintiffs do not provide any justification for longer briefing schedules. The Court also declines to set an interim status report deadline. The Local Rules were amended in April of 2020 and no longer require interim status reports. *See* LR 26-1.

### IV.   Unexplained deviations from LR 26-1.

The Court declines to grant Plaintiffs' unexplained deviations from LR 26-1. These include scheduling the deadline to amend pleadings/add parties on the same date as expert disclosures and setting the dispositive motion deadline sixty days after the discovery cutoff date. The Court will instead follow the typical progression of discovery under LR 26-1 and amends dates contingent on that progression accordingly.

**IT IS THEREFORE ORDERED** that the parties' stipulation (ECF No. 24) is **granted in part and denied in part.** The Court grants the parties' stipulation to the extent that the parties agree. The Court grants in part and denies in part the remainder of the parties' stipulation as outlined herein.

**IT IS FURTHER ORDERED** that Plaintiff's proposal regarding ESI shall govern the parties' exchange of ESI. All electronically stored information must be produced in its native format inclusive of metadata (if the metadata exists) regardless of whether such ESI is less than 250 pages and regardless of whether it is capable of being produced in paper format or as an image or in an Excel file.

**IT IS FURTHER ORDERED** that the following deadlines shall govern discovery:

| | |
|---|---|
| Motion to circulate notice: | September 23, 2024 |
| Amend pleadings/add parties: | October 23, 2024 |
| Expert disclosures: | November 15, 2024 |
| Rebuttal expert disclosures: | December 16, 2024 |
| Discovery cutoff: | January 21, 2025 |
| Dispositive motions: | February 20, 2025 |
| Motion for class certification: | February 20, 2025 |
| Joint pretrial order: | March 24, 2025[1] |

DATED: September 17, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.